[Civil No. 149.   Filed October 24, 1885.]

[S. C. sub nom. *Williams* v. *Tidball* and others, 8 Pac. 351.]

ZAN. L. TIDBALL et al., Defendants and Appellants, v. LESTER E. WILLIAMS, Plaintiff and Respondent.

1. FALSE IMPRISONMENT—WARRANT DESCRIBING PARTY BY FICTITIOUS NAME—UNITED STATES MARSHALL AUTHORIZED IN ARRESTING UNDER —ASSUMES RISK OF ARRESTING RIGHT MAN—MUST ACT IN GOOD FAITH AND EXERCISE DUE CARE.—The United States marshall is justified in making the arrest of a defendant, within his territory, who is described in the warrant by a fictitious name.   He assumes only the risk, in executing such warrant, of arresting the right man   If he acts in good faith and exercises due care, the defendant cannot complain.   Section 1014 Rev. St. U. S. 1878 and § 89, chapt. 11, Comp. Laws Ariz. 1877.   Cited.

2. UNITED STATES COMMISSIONERS—POWER TO ISSUE WARRANTS— § 1014 U. S. REV. St. 1878—JURISDICTION—ORDINARILY CON- FINED TO DISTRICT—U. S. STATUTE CONFERS JURISDICTION CO-EX- TENSIVE WITH TERRITORIAL LIMITS.—As a matter of proper practice United States Commissioners should, in ordinary cases, confine the exercise of their jurisdiction to the geographical limits of their district.   Rev. St. U. S., *Supra,* confers power upon commissioners to issue warrants in cases for the violation of the Federal Statutes. This provision, in connection with other acts of Congress, ex- presses the intent of Congress to confer upon commissioners juris- diction co-extensive with the limits of the territory or state.

3. STATUTES CONSTRUED.—Comp. Laws Ariz. 1877, p. 112, par. 503; Rev. St. U. S. 1878, § 1014.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Reversed.

The facts are stated in the opinion.

J. A. Zabriskie and J. A. Anderson, for Appellants.

The only questions presented by the record are:

(1) Can a warrant be issued for the arrest of an offender against the laws of the United States, in Arizona, without

specifying the true name of the offender, when the true name is unknown to the magistrate issuing the warrant?

Section 1014 of the revised statutes of the United States provides that the arrest may be made, agreeably to the usual mode of process against said offender in such state.

Section 89, chapter 2, of the compiled laws of Arizona, provides as follows: "The warrant must specify the name of the defendant, or if it be unknown to the magistrate, the defendant may be designated therein by any name."

The second question is, can a commissioner appointed for one Judicial District in Arizona issue a warrant for the arrest of an offender against the law of the United States, when the offense was committed in another Judicial District in Arizona, that will justify the marshall of the Territory in arresting the offender in the District where the offense was committed?

This involves the construction of section 1014 of the Revised Statutes of the United States. That section provides that the arrest may be made for any crime or offense against the United States. The arrest may be ordered "by any justice or judge of the United States, or by any commissioner of a Circuit Court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of peace, or other magistrate, of any state where he may be found."

In construing this statute Chief Justice Taney, when Attorney General of the United States, says: "The power to arrest for any offense against the United States is given in general terms; and so far as respects a judge or justice of the United States it is not even confined to his district or circuit, but his warrant would in my judgment run anywhere throughout the United States.  *  *  *  This provision of the act of Congress is a remedial one, and ought to be expounded so as to effectuate the manifest intention of the legislature. And there is nothing in the character of the provision that would justify us in giving an over strict interpretation to the law, and impute to it a meaning which everyone who reads the section will see that the legislature could not have intended."

Opinion in case of *Robert B. Randolph,* dated May 14,

1833. 2 Op. Att. Gen. (U. S.) 564; opinion to Mr. Seward, Secretary of State, dated Dec. 10, 1864. 11 Op. Att. Gen. (U. S.) 127.

Now the very same language that gives the power to the judge or justice of the United States gives it to the commissioners and there is no reason why the commissioners warrant should not run as far.

*United States* v. *Rundlett,* 2 Curt. C. C. 41, Fed. Cas. No. 16208; Brightly's Digest, 91.

But if the jurisdiction of the commissioner is not as extensive as that of the "judge or justice of the United States" it is certainly as extensive as that of the state officers.

The statute says "*any* crime or offense." There is therefore no need that the crime or offense should have been committed in the local jurisdiction of the officer ordering the arrest, nor even in the state where the officer resides. By the literal words of the statute the only elements of jurisdiction that need be made to appear to the officer issuing the order of arrest is (1) that a crime or offense against the United States has been committed, (2) that the offender "*may be found*" in the state where the officer resides. There cannot be a question but that the process of arrest will run throughout the state where the officer resides. The only doubt heretofore entertained is whether the process in any case could run beyond the limits of the state. We have seen that in the case of the judge or justice of the United States that it may run throughout the United States. Certainly state officers are not hemmed in by their local jurisdiction as state officers.

The obvious policy of the statute was to facilitate the arrest of an offender against the United States, when he is known or suspected to be within a given state. The statute delegates power to certain officials to issue warrants, who, when acting under the delegated power, are not acting in their ordinary official capacity, but as representatives of the United States for a certain purpose. This power delegated has nothing to do with the law creating their offices, and no connection with their local jurisdiction.

The statute is evidently one of convenience to render the apprehension of criminals possible.

To hold that the several United States commissioners of this Territory cannot issue warrants for the arrest of an offender against the United States laws in any part of the Territory to be executed by a marshall whose jurisdiction extends over the whole Territory is an over strict construction of the statute.

Thomas Mitchell, for Respondent.

HOWARD, C. J.—The only questions presented by the record in this case were:

*First.*—Is the United States marshal justified in making the arrest of a defendant, within his territory, who is described in the warrant by a fictitious name? We hold that he is, and that the marshal assumes only the risk and responsibility, in execution of such a warrant, of arresting the right man. If the marshal acts in good faith, and exercises due care, the defendant cannot complain. In this case it is not contended that the marshal arrested the wrong man. It is apparent that the respondent was the man complained of, and against whom the complaint was filed, although designated by a fictitious name. The suit against the marshal for false imprisonment, based upon the fact that defendant was not described in the warrant by his correct name, cannot be maintained. Section 1014, Rev. St. U. S., with section 89, c. 2, Comp. Laws Ariz., settle this question clearly in favor of the justification of the appellant in making the arrest.

The second and only remaining question presented by the record is involved in the fact that the United States commissioner who issued the warrant did not reside in the judicial district where it was alleged on the face of the warrant the offense was committed. We hold, in the reversal of the judgment in this case, that the United States marshal was protected and justified in making arrest by virtue of such a warrant. While it is true, as a matter of proper practice, that commissioners should, in ordinary cases, confine the exercise of their jurisdiction to the geographical limits of their district, yet the plain interpretation of the statute, (U. S. Rev. St. § 1014,) in cases for

the violation of the acts of the federal congress, clearly confers power upon the officers enumerated to issue warrants. This provision, when taken in connection with the other acts of congress applicable to the jurisdiction of United States commissioners, clearly expresses the intent of congress to confer upon commissioners jurisdiction co-extensive with the limits of the territory or state. By no act of congress has this power been limited to the geographical limits of the district or county where such commissioner may reside. The warrant by virtue of which the arrest was made, being regular on its face, was a protection to the officer executing it. For these reasons the judgment of the court below is reversed, and the case remanded to the trial court for new trial.

Fitzgerald, J., concurring.